

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4459

———

FEI XIA WANG,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A 77 317 872)
(Honorable Donald Vincent Ferlise, Immigration Judge)

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 31, 2006

Before: MCKEE, VAN ANTWERPEN, and SILER*, Circuit Judges.

(Filed:   March 6, 2006)

———

OPINION OF THE COURT

———

---

*Honorable Eugene E. Siler, Jr., Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

SILER, Circuit Judge.

Fei Xia Wang, a native of China, petitions this court to review the Board of Immigration Appeals's (BIA) streamlined affirmance of the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16. Because the IJ's determination that (1) certain inconsistencies in Wang's testimony make her claim incredible and (2) the failure to prove a well-founded fear of persecution for selling banned Falun Gong literature is supported by substantial evidence on the record, we will DENY the petition. See Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001) (noting IJ's findings supported by substantial evidence unless a different result is compelled).

## I.

Wang was arrested in China for illegally selling books containing information on Falun Gong. She claims she was taken to a house and detained for five days. Eventually, she escaped to the home of a friend. She contends that police went to her home to look for her and threatened her parents. She later fled in 2000 to the United States without authorization or valid entry documents.

During her removal hearing before an IJ, Wang conceded removability. However, she argued entitlement to asylum, withholding of removal, and protection under the CAT. As her basis, she testified that she feared persecution for selling the Falun Gong text "FALUNFOFA" and for fleeing from authorities. In addition, she stated she feared

2

retribution from the "snakehead" smugglers who brought her to the United States.

The IJ ordered removal upon the following findings: (1) Wang sold some Falun Gong materials but did not practice the beliefs of Falun Gong; (2) Wang's detention in China for five days was an arrest; (3) Wang had informed immigration officers that she had never been arrested, but readily admitted in cross-examination that she had been arrested; (4) Wang's father wrote in a letter that he had been arrested, but Wang testified that no one in her family had ever been arrested; (5) all requested relief would be denied based upon Wang's lack of credibility; (6) even if she was credible, being arrested for selling illegal books in China does not amount to persecution, Fatin v. INS, 12 F.3d 1233 (3d Cir. 1993); (7) Wang "obviously fears" persecution for selling illegal materials and having escaped from detention, but her fear is neither well-founded nor does it show a clear probability of persecution upon her removal; (8) because Wang cannot demonstrate well-founded fear as a predicate to her asylum application, her withholding of removal claim also fails; and (9) Wang has not shown that she is more likely than not to be tortured upon her return to China.

The BIA affirmed the IJ without opinion, and Wang petitioned for review.

## II.

We have jurisdiction to review final decisions of the BIA under 8 U.S.C. § 1252(a). We review an IJ's opinion and scrutinize its reasoning when the BIA issues a streamlined decision. Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004). Under substantial evidence review, an IJ's denial of asylum can be reversed "only if the evidence presented by [the Petitioner] was such that a reasonable fact finder would have to conclude that the requisite

3

fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); see also Abdille, 242 F.3d at 483-84 ("[T]he [agency]'s finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it.").

To be eligible for asylum, Wang must show that she is a refugee, which means that she is unwilling or unable to return to China "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Wang bears the burden of demonstrating past persecution or a well-founded fear of persecution with credible testimony. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

Eligibility for withholding of removal is more stringent than the standard for asylum. Lukwago v. Ashcroft, 329 F.3d 157, 177 (3d Cir. 2003). The applicant must show that future persecution based on political opinion or other factors is "more likely than not" to occur. 8 C.F.R. § 208.16(b). "An applicant for relief on the merits under [Article 3] of the [CAT] bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)).

Adverse credibility determinations, like other factual findings in immigration proceedings, are reviewed under the substantial evidence standard. Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003). An IJ's adverse credibility finding is afforded substantial deference if it is supported by "specific cogent reasons." Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 278 (3d Cir. 2004). Wang's hearing and request for asylum occurred prior to the

4

effective date of the Real ID Act, and therefore is not subject to a new provision that allows IJs to rely on inconsistencies "without regard" to whether they go to the heart of the asylum claim. Real ID Act of 2005, § 101(a)(3), Pub.L. No. 109-13, 119 Stat. 231, 303, *codified at* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, the IJ's adverse credibility determination must involve the "heart of the asylum claim." Gao, 299 F.3d at 272.

The IJ found that upon Wang's initial entry into the United States, she lied to immigration officers about never having been arrested in China but admitted at the hearing that she had been arrested. Wang explains that the discrepancy was due to a translation misunderstanding. The IJ's second credibility determination was that Wang had lied about her father's not having been arrested. The government, however, presented a letter from her father stating that he was detained for five days but not arrested. The IJ has provided a sufficient basis for this court to evaluate its adverse credibility determination with respect to Wang. In addition, the credibility findings of the IJ raise serious questions regarding Wang's veracity on two specific instances, which impacts the credibility of her asylum claim that she was arrested for five days. See Reynoso-Lopez, 369 F.3d at 278-79. Therefore, the IJ's adverse credibility determination is supported by substantial evidence.

Even if Wang was credible, the IJ's determination that she did not prove that she had been persecuted is supported by substantial evidence. First, she was not arrested for being a Falun Gong practitioner, but for selling banned literature. Second, she did not ascribe to or practice the beliefs of the Falun Gong. Wang argues that the IJ erred in finding that her persecution for selling illegal books did not amount to fear of persecution. However, no

evidence established that Wang was arrested because she was believed to be a supporter of the Falun Gong or that she was a practitioner of Falun Gong. See Liu v. Ashcroft, 380 F.3d 307, 315 (7th Cir. 2004) (denying asylum on the basis that the record did not reflect that the government imputed Falun Gong membership to the petitioner). Moreover, Wang did not show that due to her activities she would have been perceived by the government as a supporter of the Falun Gong movement. See, e.g., Gao v. Gonzales, 424 F.3d 122, 130 (2d Cir. 2005) (holding that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [INA]"). Wang concedes that she was only arrested for selling illegal books and did not practice or support the Falun Gong. Therefore, she does not present a basis for persecution or a well-founded fear of persecution.

Wang's final argument is that CAT relief was erroneously denied on two grounds: (1) evidence indicated that the Chinese government engages in mass human rights violations showing that it is likely that she will be tortured upon her return; and (2) the IJ failed to make an express finding concerning the likelihood of future persecution. The IJ found that it is not more likely than not that Wang will be tortured upon her return to China. Although she may be subject to a fine or some form of penalty for illegally leaving China, the profile of asylum claims and country conditions cited by Wang does not indicate that it is likely that she will be tortured upon her return to China. See Wang v. Ashcroft, 368 F.3d 347, 350-51 (3d Cir. 2004) (showing that petitioner may be fined or forced to endure "lengthy reeducation" does not make it more likely than not that petitioner will be tortured upon return). Nor does a

6

bleak recitation of China's human rights record make it more likely than not that she will be tortured upon her return. <u>Id.</u> Based upon Wang's inability to demonstrate persecution or a well-founded fear of future persecution for anything other than selling banned literature and the IJ's adverse credibility determination, the decision of the IJ to deny CAT relief is supported by substantial evidence.

Wang failed to show that she would more likely than not face persecution if returned to China. <u>See</u> <u>Cao v. Att'y Gen.</u>, 407 F.3d 146, 153 (3d Cir. 2005). Because she failed to establish eligibility for asylum, it follows that she failed to satisfy the higher standard for withholding of removal. <u>See</u> <u>Lukwago</u>, 329 F.3d at 182.

## III.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will deny the petition for review.